Charles RENTSCHLER, Plaintiff,

v.

Terry L. CAMPBELL, Defendant.

Charles RENTSCHLER, Plaintiff,

v.

Terry L. CAMPBELL, et al., Defendants.

Nos. 89–3268–S, 89–3370–S.

United States District Court, D. Kansas.

May 14, 1990.

Charles Rentschler, pro se.

Robert S. Lannin, Kansas City, Kan., for defendants.

## ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for summary judgment and motions to dismiss filed by the defendants. Having reviewed the pleadings and materials filed in this matter, the court makes the following findings and order.

Plaintiff Charles Rentschler claims that his constitutional rights were violated by the defendants while Rentschler was confined at the Leavenworth County Jail, Leavenworth, Kansas. Specifically, Rentschler claims that defendants Campbell and Duncanson violated plaintiff's constitutional right of access to the courts by refusing to mail letters and pleadings from plaintiff to the Tenth Circuit Court of Appeals on June 29, 1989; August 10, 1989; and August 18, 1989. Plaintiff seeks compensatory and punitive damages.

*Factual Background*

After reviewing the documents filed by both parties, the court finds that the following facts are not genuinely in dispute. On April 13, 1989, defendant Terry Campbell, as Leavenworth County Sheriff, issued an official policy concerning inmate mail. Pursuant to that policy, all non-indigent inmates at Leavenworth County Jail who desired to mail any item that required more than twenty-five cents in postage were required to sign an official form "releasing whatever amount necessary to see that the package is delivered as requested by the inmate". Upon the signing of such a form, jail personnel would then take the released funds and mail the package. Receipts for the package and for the funds released from an inmate's account were then returned to the inmate for his or her records. Defendant Campbell states that the policy was implemented to reduce the number of trips jail personnel had to make to the post office and to "reduce the harassment and intimidation of jail officers by inmates respecting inmate mail."

On June 29, 1989, plaintiff wrote a letter to the Clerk of the Tenth Circuit Court of Appeals and placed $2.00 worth of postage stamps on the envelope. Plaintiff then handed the letter to one of the deputies for mailing. The letter was returned to plaintiff later that same day because it had postage stamps on it and thus did not comply with the inmate mail policy established by defendant Campbell. Approximately one week later, plaintiff filed case no. 89–3268 alleging that defendant Campbell had violated his constitutional rights by refusing to mail the letter plaintiff had prepared.

On August 10, 1989, plaintiff attempted to mail a reply brief to the Tenth Circuit Court of Appeals in an envelope containing excess postage stamps. The letter was returned to plaintiff at the direction of defendant Campbell. On August 14, 1989, plaintiff filed an amendment to case no. 89–3268 setting forth the incidents of August 10, 1989.

On August 18, 1989, plaintiff prepared an envelope containing appellate briefs. After addressing the envelope to two judges of the Tenth Circuit Court of Appeals, plaintiff affixed $4.75 worth of postage stamps to the envelope. Plaintiff then handed the envelope to a deputy for mailing. Shortly thereafter, the letter was returned to plaintiff at the direction of defendants Campbell and Duncanson because it had postage stamps on it and did not comply with the inmate mail policy. On August 29, 1989, plaintiff filed case no. 89–3370 alleging that the defendants' refusal to mail the letter violated his constitutional rights.

*Standard for Grant of Summary Judgment*

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Discussion*

 Although inmates have a clear constitutional right of access to the courts, prison administrators are afforded "wide discretion" in determining the means and conditions of access to legal resources. *See Bounds v. Smith*, 430 U.S. 817, 833, 97 S.Ct. 1491, 1500, 52 L.Ed.2d 72 (1977). Here, the inmate mail policy implemented by defendant Campbell unquestionably sets forth procedures an inmate must comply with when corresponding with the courts. However, the policy will be upheld as constitutional if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). In determining the reasonableness of the policy, the following four factors are relevant: (1) whether the policy has a logical connection to the legitimate government interests invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the plaintiff; (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards, and prison resources; and (4) the presence or absence of ready alternatives that fully accommodate the plaintiff's rights at de minimis costs to valid penological interests. *Id.* at 89–91, 107 S.Ct. at 2261–62.

 Applying these factors to the evidence presented by both parties, the court finds that the defendants are entitled to a judgment as a matter of law. First, the inmate mail policy implemented by defendant Campbell is logically connected to the stated goals of preserving institutional order and optimally utilizing limited jail resources. Second, the policy does not deny access to the courts but rather sets forth specific procedures that must be followed when mailing letters or packages. Third, the court finds that accommodation of plaintiff's individual requests would under-

mine the inmate mail policy and negate the policy's intended goals. Fourth, plaintiff has suggested no easy alternatives and instead steadfastly insists that the constitutional right of access to the courts allows him to mail items in any manner he sees fit. Finally, plaintiff has failed to show how the defendants' actions have denied him access to the courts. To the contrary, his extensive litigation activities in this court and the Tenth Circuit Court of Appeals belie his claim. In conclusion, the court finds that plaintiff has presented no evidence that would allow a jury to find that the defendants violated plaintiff's constitutional right of access to the courts.

IT IS THEREFORE ORDERED that this action is dismissed and all relief denied.